Zimmerman, J.,
 

 dissenting. I cannot subscribe to the general rule relative to the waiver of privileged communications established by the majority of the court.
 

 Let it be distinctly understood that I am heartily in favor of
 
 a rule
 
 as pronounced, and appreciate that the instant case and similar cases present a persuasive argument for its adoption, but such rule must be promulgated by the General Assembly and not through a forced process of reasoning on the part of this court amounting to judicial legislation.
 

 Section 11494, General Code, provides in mandatory terms that a physician
 
 shall not
 
 testify concerning a communication made to him by his patient in that relation, except (1) when
 
 the patient
 
 gives his
 
 .express consent,
 
 or (2) when
 
 the patient
 
 voluntarily testifies.
 

 I adhere to the case of
 
 Swetland
 
 v.
 
 Miles,
 
 101 Ohio St., 501, 130 N. E., 22, which is decidedly in point. It represents the conclusion of a unanimous court. It has remained unreversed and unmodified for almost sixteen years. It is a considered and clear declaration by this tribunal on the particular legislative enact
 
 *154
 
 ment now engaging onr attention. It cannot be successfully distinguished from the instant case in principle. Nor is there escape from the plain language of Wanamaker, J., in the opinion, when he says:
 

 “Now it is urged that this court should read into the statute another exception, to-wit, ‘that if the client be dead, her personal representative or heirs should waive the right for her. ’
 

 “This squarely involves so-called judge-made amendments to legislative acts that are otherwise clear and unmistakable as to meaning. In reason there is much force in the logic of plaintiff in error as to the relevancy of this testimony; but the statute, which is clear and explicit, expressly says that the attorney
 
 shall not
 
 testify.
 

 “The argument addressed to this court might be addressed to the legislature with persuasive power, and lead to what I believe would be a wholesome amendment; but it is not for this court to make such an amendment. This is solely in the power of the general assembly.
 

 “We are not especially concerned about the decisions in other courts, some of which are contrary to this holding. Each must be based upon the settled practice in that state, or the statute regulating such evidence in that particular state. We have only to do with our own statute, which is clear and comprehensive as to such ‘communications,’ disqualifying them without limitation as to time or
 
 character of action.
 
 We cannot disregard that disqualification.” (Last italics mine.)
 

 It is stated in 37 Ohio Jurisprudence, 783 and 784, Sections 454 and 455:
 

 ‘ ‘ The general rule is that courts will make no exceptions to the provisions of a statute not made by the act itself. An exception to the provisions of a statute, which is not suggested by any of its terms, should not
 
 *155
 
 be introduced by construction from considerations of mere convenience, justice or hardship. * * *
 

 “* * *
 
 An exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted, and excludes all other exceptions. The legal presumption in such case is that the legislature did not intend to save other cases from the operation of the statute, and courts are without authority to enlarge or change those specified, or establish others, although in particular cases the ends of justice might seem to be subserved, if it was done.”
 

 Swetland
 
 v.
 
 Miles, supra,
 
 was decided in 1920. It offered a suggestion to the General Assembly that Section 11494, General Code, might well be liberalized. That body has .not seen fit to respond, and we may assume its contentment with the statute in its existing form. This court cannot with propriety invade the legislative field.
 

 In accordance with the great weight of authority (70 Corpus Juris, 449, Section 607; 28 Ruling Case Law, 535, Section 124) the Supreme Court of Ohio is committed to the proposition that the rule of privilege precludes a physician from testifying as to knowledge or information acquired by him through observation or examination of his patient as well as that acquired by oral communication.
 
 Ausdenmoore et al., Earns.,
 
 v.
 
 Holzback
 
 (1914), 89 Ohio St., 381, 106 N. E., 41;
 
 Industrial Commission
 
 v.
 
 Belay
 
 (1934), 127 Ohio St., 584, 190 N. E., 456.
 

 Attention is directed to the following cases pertaining to the admissibility in evidence of privileged communications, and involving statutes similar to Section 11494, General Code:
 
 In re Estate of Bayer,
 
 116 Neb., 670, 218 N. W., 746;
 
 Maine
 
 v.
 
 Maryland Casualty Co.,
 
 172 Wis., 350, 178 N. W., 749, 15 A. L. R., 1536;
 
 Auld
 
 v.
 
 Cathro,
 
 20 N. D., 461, 128 N. W., 1025, 32 L. R. A. (N. S.), 26, Annotated Cases, 1913A, 90. Compare
 
 *156
 

 Estate of Gallun,
 
 215 Wis., 314, 254 N. W., 542, which discusses the changes in the Wisconsin statute.